UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY W. RICHMOND,

    Petitioner,

v.

JEFFERY UTTECHT,

    Respondent.

Case No. C08-5446RBL

ORDER REFUSING TO SERVE PETITION AND DIRECTING PETITIONER TO SHOW CAUSE

The Court, having reviewed the § 2254 petition filed in this case, does hereby find and ORDER:

(1) On June 30, 2008, the Honorable Karen L. Strombom issued a report and recommendation in Richmond v. Uttecht, C07-5533RJB, a very similar case to the present matter. The underlying petition may well have been intended to be filed as a response or objection (an attempt to cure deficiencies) to Judge Strombom's recommendation. Nonetheless, after reviewing the court records, the undersigned finds similar deficiencies. For instance, in a letter from Petitioner, received by the court on July 8, 2008, Mr. Richmond explains that he agreed with the recommendation to dismiss the matter without prejudice to allow him an opportunity to properly exhaust his state remedies. (Doc. 37 in C07-5533RJB).

(2) Accordingly, in addition to the underlying petition posing similar deficiencies to his earlier case, i.e., lack of specificity and detail needed to clarify Petitioner's basis for relief, the Court will **not** order a response to the petition because the petition does not indicate that petitioner's grounds for federal relief have been properly exhausted in state court. Specifically, the petition does not provide sufficient detail nor show that his claims for federal relief have been presented to the Washington State Supreme

ORDER
Page - 1

Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

(2) Petitioner is directed to show cause by **September 22, 2008,** why the petition should not be dismissed without prejudice for the reasons stated above.

(3) The Clerk is directed to send copies of this Order and the General Order to petitioner.

DATED this 26th day of August, 2008.

       /s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate