UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY WAYNE RICHMOND,

    Petitioner,

v.

BELINDA STEWARD,

    Respondent.

Case No. C08-5446RBL

REPORT AND RECOMMENDATION

Noted for January 9, 2009

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. After reviewing the petition and the remaining record, I submit the following report and recommendation.

## DISCUSSION

On July 14, 2008, petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Subsequently, this court reviewed the petition. The undersigned refused to serve the petition because it the petition was insufficient and it appeared petitioner had not properly exhausted his state court remedies. *See* Doc. 7. Specifically, the petition fails to show that the possible issues raised have been properly presented to the Washington Supreme Court. In its order declining to serve the petition, the court explained, "State remedies must first be exhausted on all issues raised in a federal habeas petition. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254 (b)-(c)."

Plaintiff was provided two opportunities to show cause why the petition should not be dismissed for failing to exhaust state remedies. Plaintiff was directed to respond by not later than December 5, 2009. The period has expired and petitioner has failed to file a response to the court's orders.

## CONCLUSION

Because petitioner has failed to show cause regarding exhaustion of state remedies, the petition appears to contain issues which have not been properly presented to the state supreme court. Accordingly, the Court should dismiss this matter without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 9, 2009**, as noted in the caption.

DATED this 12th day of December 2008.

       */s/ J. Kelley Arnold*
       J. Kelley Arnold
       United States Magistrate Judge